## Butt vs. Bondurant.

Appeal from the Montgomery Circuit; S. W. ROBBINS, Judge.

*Specific performance. Unequal and hard bargains. Extortion. Usury. Conditional sales. Bank notes. Commissioners. Mortgages. Practice.*

Judge MILLS delivered the Opinion of the Court.

BUTT being in need of money, applied to Bondurant for a loan, which was ultimately granted, on the following terms: Bondurant furnished one hundred and twenty-three dollars, in notes on the bank of the Commonwealth, then at a large discount, or rather $120 in bank notes, and a private note of $3 made between the parties. Butt paid back twenty dollars at the moment, as the interest on the loan, and as security, Bondurant took from Butt a conveyance of the tract of land on which he lived, expressing the consideration of $123, describing the land only as the tract on which Butt resided, supposed to contain about 106 acres; but

*Margin notes:*
CHANCERY.

Case 98.

June 25.

Butt obtains a loan of Bondurant on terms held to be usurious.

Mortgage.

BUTT
vs.
BONDURANT.

Condition in
the deed of
mortgage,
and stipula-
tion for abso-
lute sale.

otherwise in usual form, with the following condi-
tion or defeasance annexed.

"Subject, nevertheless, to the following defeas-
ance, or condition; that is to say, if the said Ed-
mund Butt shall repay to the said Joseph Bondurant,
the said sum of one hundred and twenty three dol-
lars, in twelve months from this date, in *lawful money*,
bearing interest at the rate of six per cent, per an-
num, then this conveyance is to become null and void,
and the title is to re-vest in the said Edmund Butt.
But if the said Edmund Butt shall fail to repay to
the said Joseph Bondurant, the said sum of one
hundred and twenty three dollars, in lawful money
of Kentucky, in twelve months from the date, then
if said Joseph Bondurant shall pay to said Edmund
Butt so much current money as shall make the price
of ten dollars for each acre of said land, including
the said sum of one hundred and twenty three dol-
lars, with six per cent. per annum, then the said
Edmund Butt is to make an absolute deed in fee sim-
ple, to the said Joseph Bondurant, for the land, ac-
cording to the above, with a clause of special war-
ranty, against the said Edmond Butt, and all per-
sons claiming under him; but not against any other
person whatsoever: it being understood, that if said
Butt should fail to repay to said Joseph Bondurant
said one hundred and twenty three dollars, as de-
scribed in the foregoing part of this article, then
said Joseph Bondurant is to pay to said Butt ac-
cording to the foregoing condition five hundred
dollars in current money of Kentucky, on the first
of January, 1823, at which time said Butt is to de-
liver possession of the said land to said Bondurant,
and the balance on the first of January, 1824.

Default of
Butt. Subse-
quent tender.
Bondurant's
refusal of the
money, claim
of his pur-
chase, and
tender on his
part, and

But failed to repay the money, or the $123, with
its interest, at the day above stipulated; but a few
days afterwards, offered to do so. But Bondurant
then refused to accept it, and claimed the purchase
of the land; and on the first of January following,
tendered $500 in paper of the Bank of the Com-
monwealth, to Butt, (which paper Bondurant alleges
was the currency intended by the writing) and de-
manded the possession. Butt refused to receive the

money tendered and brought this bill to redeem the land, relying on the usury and other circumstances.

Bondurant answered, relying on the writing as constituting a conditional sale, and his election under it, and fulfilment thereof, and makes his answer a cross-bill, and prays a specific performance of the contract for the conditional sale.

The court below dismissed the bill of Butt, and decreed a specific performance in favor of Bondurant, from which decree Butt has appealed.

We perceive insuperable objections to a specific performance in favor of Bondurant. Butt seems, first, to have had his election to repay. If he failed, then Bondurant had his election to make this a purchase of the land or not, at his pleasure; and if he did not do so, we know of no remedy in favor of Butt, which could have compelled Bondurant to make his election. The contract, therefore, was not mutual, and generally, equity will not specifically enforce a contract where the remedy would not be mutual; but will leave the party to his remedy at law.

Again, the contract, to say the least of it, was one obtained under circumstances of hardship, and savors of extortion. For if Bondurant's account of it is true, that the price of the land was to be paid in commonwealth's paper, after deducting the first loan, with interest, legal and illegal, he would obtain the land for about half its value; which circumstance would cause a court of equity to refuse its aid.

But what is still more conclusive, is this, the transaction was usurious. Butt was to repay the first loan at a rate of about 26 per centum per annum, thereon, or he was to deduct the loan, with the same interest out of the price of the land. If such a contract could be permitted to stand, the statute against usury would be a dead letter. It would only be necessary to follow the loan with a conditional sale of property at half price, and whether the borrower restored the money or paid for it in the estate bought, he would still have to pay usury,

BUTT
vs.
BONDURANT.
———————
Butt's bill to redeem.

Bondurant's answer.

Decree of the circuit court.

In general, equity will not enforce a contract where the remedy is not mutual.

Equity will not favor extortion and enforce hard bargains.

Device of conditional sale of the mortgaged property, to cover the usury, ineffectual.

Butt
vs.
Bondurant.

Value of the bank paper loaned, to be ascertained by a com'r, usury extracted, and mortgagor allowed to redeem, or sale ordered.

and endure oppression, which is the very evil the law intended to avoid.

It follows, therefore, that Butt has an unquestionable right to redeem, on repaying to Bondurant, the value of $103, in paper on the Bank of the Commonwealth, at the date of this loan, with legal interest thereon from that period till the sum is paid. As the law stood at the date of this transaction, and as it still is, an usurious contract like this, is not utterly void; but is only void as to the usury, or the excess beyond legal interest. The writing, therefore, which Bondurant holds on the land, will operate as a lien in his favor, to secure the real amount loaned, with its interest. The court below ought, therefore, to ascertain the value of the $103 in bank paper when loaned, and as the parties are not agreed in their pleadings touching this value, the court can ascertain it by a reference to a commissioner or commissioners, and then to calculate the legal interest thereon, and appoint a day in court for the payment of the amount by Butt, after deducting costs, and if the payment is not made in the time allowed, then the court may direct a sale of the land, or so much thereof as will be sufficient, to satisfy the demand of Bondurant, thus ascertained to be due.

The decree is therefore reversed with cost, and the cause remanded, for such decree and proceedings to be had, as shall not be inconsistent with this opinion.

*Hanson* for appellant; *Triplett* for appellee.

---

Chancery.

Case 99

June 26.

Bill to enjoin the sale of two boats and their cargoes, seized